IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WANDA CROWDER,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., both individually and in its capacity as ERISA fiduciary; THE DELTA AIR LINES, INC. FAMILY-CARE SAVINGS PLAN; ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.; THE ADMINISTRATIVE SUBCOMMITTEE OF THE DELTA AIR LINES, INC. FAMILY-CARE SAVINGS PLAN; FIDELITY WORKPLACE SERVICES, LLC.; VESTA CROWDER, in her capacity as Personal Representative of the Estate of Marvin Crowder; AND JOHN DOES 1 - 10.<br><br>    Defendants. | CIVIL ACTION FILE NO: |

## <u>VERIFIED COMPLAINT</u>

Plaintiff, WANDA CROWDER, files this Verified Complaint against

defendants DELTA AIR LINES, INC. ("Delta"), both individually and in its

capacity as a fiduciary under by the Employee Retirement Income Security Act of

1974, as amended ("ERISA"); the DELTA FAMILY-CARE SAVINGS PLAN

(the "Delta Plan"); the ADMINISTRATIVE COMMITTEE OF DELTA AIR

LINES, INC. (the "Committee"); THE ADMINISTRATIVE SUBCOMMITTEE

OF THE DELTA AIR LINES, INC. FAMILY-CARE SAVINGS PLAN (the

"Subcommittee);  FIDELITY WORKPLACE SERVICES, LLC ("Fidelity");

VESTA CROWDER ("Mrs. Crowder"), in her capacity as Personal Representative

of the Estate of Marvin Crowder (the "decedent"); and JOHN DOES 1-10

(collectively "JOHN DOES").

## JURISDICTIONAL ALLEGATIONS

### 1.

Plaintiff, a citizen of the State of Georgia, is the former wife of the decedent,

who, at the time of his death, was employed by Delta and a participant in the Delta

Plan, an employee retirement plan governed by ERISA.  A copy of the Delta Plan

is attached as **Exhibit A**.  The governing Summary Plan Description ("SPD")

issued by Delta is attached as **Exhibit B**.

### 2.

Delta, a citizen of Georgia, sponsors and maintains the Delta Plan for the

benefit of its eligible employees.  As the Delta Plan Administrator, Delta also is a

fiduciary under ERISA.

### 3.

The Committee is an ERISA fiduciary of the Delta Plan with the authority to

make benefits and eligibility decisions with regard to the Delta Plan.

4.

The Subcommittee is an ERISA fiduciary of the Delta Plan with the authority to make benefits and eligibility decisions with regard to the Delta Plan.

5.

Fidelity, at all relevant times, was a recordkeeper for the Delta Plan as well as a fiduciary, as defined by 29 U.S.C. § 1002(21), to the extent that it exercised discretionary authority and control over management of the Delta Plan, exercised authority and control of management and disposition of Delta Plan assets, and/or had discretionary authority and responsibility in the administration of the Delta Plan.

6.

Vesta Crowder, a citizen of Georgia, is the decedent's mother and the personal representative of his estate (the "Estate").

7.

At all relevant times, John Does were fiduciaries, as defined by 29 U.S.C. § 1002(21), because they exercised discretionary authority and control over management of the Delta Plan, exercised authority and control of management and disposition of Delta Plan assets, and/or had discretionary authority and responsibility in the administration of the Delta Plan.

8.

Venue is proper in this District under 28 U.S.C. § 1391(c) because Delta resides in this District.

9.

Jurisdiction is proper under 28 U.S.C. § 1331.

## THE AUTOMATIC SPOUSAL BENEFICIARY DESIGNATION UNDER THE DELTA PLAN

10.

As an eligible employee of Delta, the decedent was eligible to participate and, in fact, did participate in the Delta Plan.

11.

Section 14.03 of the Delta Plan states, in relevant part:

If the Participant is Married, then during such marriage the Participant's Spouse shall automatically be the Beneficiary unless the Participant waives the spousal designation and indicates another person or persons as Beneficiary on a form satisfactory to the Administrative Committee in its sole discretion and the Spouse gives written consent to such waiver and the naming of such person as Beneficiary on such form (such consent to be given in conformance with regulations issued by the Internal Revenue Service).  Beneficiary designations must be received by the Plan prior to the death of a Participant. No other Beneficiary designation other than as provided herein shall be valid.

If no Beneficiary is Identified and located pursuant to the procedure described above by the end of the two-year period beginning on the date of death of the Participant, his Participant's Accounts, upon

Administrative Committee direction, shall be forfeited as of the last day of the Plan Year which includes the end of such two-year period. (Such forfeiture shall then be used to reduce the Matching Contribution or Fixed Contributions for the Plan Year in which forfeited.)  However, if a Beneficiary subsequently is located and he files a written claim with the Administrative Committee for the death benefit which was payable to him and If such person demonstrates to the Administrative Committee's full satisfaction, through a court order or otherwise, that he in fact is such Beneficiary, then

(a) the Company [*i.e.,* Delta] shall contribute an amount equal dollar for dollar to the forfeiture of such Participant's Accounts and shall credit such amount to a new Accounts [sic] established for the deceased Participant; and

(b) the new Accounts shall be paid to such Beneficiary ….

(Emphasis supplied.)

12.

The Plan is silent as to the effect, if any, of divorce on the automatic

spousal designation.  However, the SPD states:

It is important to name a Beneficiary to receive your vested account balance if you die before receiving a distribution of your entire account. You may name a primary Beneficiary or Beneficiaries, as well as a secondary Beneficiary or Beneficiaries who will receive the account if the primary Beneficiary(ies) you named predeceases you.

\*\*\*

If you are married, under federal law, your spouse is automatically your Beneficiary.  If you wish to name someone other than your spouse as your Beneficiary, you may do so with your spouse's notarized consent. If you are single, you may name anyone as your Beneficiary.  However, keep in mind that if you later get married, your spouse automatically replaces any previously named Beneficiary.

To designate (or change) a Beneficiary, you must complete a Beneficiary designation form.  You may designate your beneficiary online… and clicking on the Profile tab at the top of the screen.  You also may obtain a copy of the form by calling the Delta Service Center at Fidelity at 800-554-0262 (TDD# 800-655-0962).

Once you have completed and signed the form, return it to Fidelity at:
Delta Family-Care Savings Plan Participant Service Center
P.O.  Box 770003
Cincinnati, OH 45277-0065

Your Beneficiary designation will become effective on the date that Fidelity receives your <u>properly</u> completed and signed form. Your designation must be on file with the Plan on the date of your death for the designation to be effective.

It's important to keep your Beneficiary information current. Events such as marriage, <u>divorce</u>, birth, adoption or death of a family member <u>may create a need to change your Beneficiary designation</u>….

(Exh. B, p. 9.) (Emphasis supplied.)

13.

The SPD further states:

If you die before receiving a distribution of your entire account balance, your Plan account will be paid to your Beneficiary in the applicable form of payment described below.  Fidelity will require your Beneficiary to complete any required documentation and return it to Fidelity along with a certified copy of the death certificate. All forms and required documents must be submitted and approved before your Beneficiary can receive any payments from your account.

The way your account balance will be paid to your Beneficiary depends on when your death occurs, as follows.

If You Die:

> While still employed by Delta …   The total value of your account will be paid in a single lump-sum payment to your Beneficiary(ies)
>
> ***
>
> When a Beneficiary is eligible to receive a lump sum payment of your account balance, the Beneficiary <u>must</u> receive the distribution within five years of your death….

(Exh. B, p. 29.) (Emphasis supplied.)

## <u>THE DECEDENT'S FAILURE TO CHANGE HIS AUTOMATIC BENEFICIARY DESIGNATION AFTER HIS DIVORCE FROM PLAINTIFF</u>

### 14.

The decedent, while a participant in the Delta Plan, married Plaintiff in 2004.

### 15.

By virtue of her marriage to the decedent in 2004, Plaintiff automatically became the designated Beneficiary under section 14.03 of the Delta Plan.

### 16.

During her marriage to the decedent, Plaintiff never gave written consent to any waiver of the automatic spousal designation or to the naming of any other person as Beneficiary under the Delta Plan.

### 17.

Plaintiff and the decedent divorced on August 14, 2014.

18.

From August 14, 2014 to January 22, 2016, the decedent did not change the designation of his Beneficiary in accordance with the Delta Plan or SPD.

19.

Mr. Crowder, who never remarried, died on January 22, 2016.

20.

As of January 22, 2016, Plaintiff was still listed in Fidelity's records as the Beneficiary under the Delta Plan.

## THE COMPETING CLAIMS TO BENEFITS UNDER THE DELTA PLAN

21.

On or about May 11, 2016, Vesta Crowder informed Fidelity of the decedent's 2014 divorce to Plaintiff and, as personal representative of the Estate, submitted a claim for benefits under the Delta Plan.  A copy of Fidelity's call log reflecting Vesta Crowder's notification and claim is attached as **Exhibit C.**

22.

Plaintiff also submitted a claim for benefits under the Delta Plan.

23.

In or around September 7, 2016, Fidelity paid 100% of the decedent's vested benefits under the Delta Plan to the Estate in care of Vesta Crowder.

## <u>PLAINTIFF'S ERISA EXHAUSTION</u>

24.

By letter dated December 13, 2016 from her attorney, a copy of which is attached as **Exhibit D,** Plaintiff advised both Fidelity and the Committee that payment of the Delta Plan benefits to the decedent's estate was incorrect.  In her attorney's letter, Plaintiff also requested plan documents pursuant to 29 U.S.C. §§ 1022 and 1024.

25.

By letter dated January 31, 2017, a copy of which is attached as **Exhibit E,** the Committee provided Plaintiff with copies of the Delta Plan document and amendments, the SPD, and the most recently filed Form 5500 for the Delta Plan.

26.

By letter dated April 25, 2017, a copy of which is attached as **Composite Exhibit F,** Fidelity advised Plaintiff that benefits under the Delta Plan had been paid to the decedent's estate.  Along with its letter, Fidelity enclosed a beneficiary designation on file with respect to the decedent.

27.

By letter from her attorney dated May 3, 2017, a copy of which is attached as **Exhibit G,**  Plaintiff requested from Fidelity "all letters, emails, phone logs and voice recordings…that refer to any change in beneficiary" by the decedent under

the Delta Plan.  Fidelity did not respond to the May 3, 2017 letter from Plaintiff's attorney.

28.

By letter dated August 17, 2017, a copy of which is attached as **Composite Exhibit H,** Plaintiff appealed Fidelity's April 25, 2017 denial of her claim for Delta Plan benefits to the Subcommittee.  Plaintiff included with her appeal letter records reflecting Ms. Crowder's May 11, 2016 telephone call to Fidelity referenced above.

29.

By letter dated November 17, 2017, a copy of which is attached as **Exhibit I,** the Subcommittee requested that Plaintiff provide a copy of her final divorce decree from Plaintiff.

30.

By letter dated November 21, 2017, a copy of which is attached as **Exhibit J,** Plaintiff's counsel forwarded a copy of the final divorce decree to the Subcommittee.

31.

By letter dated December 20, 2017, a copy of which is attached as **Exhibit K,** the Subcommittee denied Plaintiff's appeal.  In the letter, the Subcommittee advised Plaintiff that she could seek further review of her claim by the Committee,

but instructed her counsel to "provide evidence that [the decedent] Marvin

Crowder named [Plaintiff] Wanda Crowder as his beneficiary through the plan's

designation procedures after the date their divorce is final."

32.

By letter from her attorney dated January 9, 2018, a copy of which is

attached as **Exhibit L,** Plaintiff sought further review from the Committee of the

denial of her claim for Delta Plan Benefits.

33.

By letter dated March 6, 2018, a copy of which is attached as **Exhibit M,** the

Committee advised Plaintiff's counsel of the date on which the Committee would

meet, and requested that he provide any additional information that Plaintiff

wanted the Committee to consider.

34.

By letter dated March 23, 2018, a copy of which is attached as **Exhibit N,**

Plaintiff's counsel provided additional copies of the Divorce Decree, Call Log and

Beneficiary Designation, all of which were already in the administrative record of

Plaintiff's claim.  In his letter, Plaintiff's attorney also noted that the decedent

failed to change his Beneficiary designation under the Delta Plan despite the fact

that two open enrollment periods elapsed between his divorce from Plaintiff and

his death.

35.

By letter dated July 26, 2018, a copy of which is attached as **Exhibit O,** the Committee upheld its previous denial of Plaintiff's claim.

36.

All conditions precedent to this action have been satisfied or waived.

## PLAINTIFF'S CLAIMS
### Count I – Claim For Benefits:  29 U.S.C. § 1132(a)(1)(B)
### (Against Delta, the Delta Plan, the Committee, and the Subcommittee)

37.

Plaintiff incorporates and restates in Count I her allegations in paragraphs 1 through 36 of her Verified Complaint.

38.

29 U.S.C. § 1132(a)(1)(B) provides that a beneficiary may bring a civil action "(B) to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan."

39.

At the time of the decedent's death, Plaintiff remained the sole beneficiary under the Delta Plan.

40.

Defendants wrongfully denied Plaintiff the Delta Plan benefits to which she

is entitled as an ERISA beneficiary.

41.

Plaintiff has exhausted her administrative remedies under ERISA.

42.

Defendants, through their actions, including but not limited to their disregard of ERISA's procedural regulations, deprived Plaintiff of a full and fair review under ERISA and, thus, their decisions should not be afforded any deference.

43.

Plaintiff is entitled to distribution of the Delta Plan benefits in a lump sum amount with postjudgment interest.

44.

Defendants are further liable to Plaintiff for prejudgment interest on the distribution amounts owed, attorney fees and costs under 29 U.S.C. § 1132(g), and declaratory relief.

WHEREFORE, the Plaintiff demands judgment against Defendants in accordance with the foregoing.

**Count II – Breach Of Fiduciary Duty Under 29 U.S.C. §§ 1132(A)(3) –
(Against All Defendants except Mrs. Crowder)**

45.

Plaintiff incorporates and restates in Count II her allegations in paragraphs 1

through 36 and 41-42 of her Verified Complaint.

46.

Each defendant is a "fiduciary," as such term is understood under ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

47.

Section 502(a)(3), 29 U.S.C. §1132(a)(3), allows Plaintiff to sue a fiduciary for appropriate equitable relief including but not limited to reformation, estoppel, and surcharge when such relief is not available under section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

48.

As a fiduciary of the Delta Plan, each defendant owed Plaintiff a duty of care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of an enterprise of like character. Further, each fiduciary owed a duty to act in accordance with the documents and instruments governing the Delta Plan. ERISA §404(a)(1)(B) and (D), 29 U.S.C. §1104(a)(1)(B) and (D).

49.

By paying the Delta Plan assets to the estate in violation of their duty of prudence and in violation of the documents and instruments governing the Delta Plan, defendants violated their fiduciary duty of care.

50.

Defendants further violated their fiduciary duties under ERISA by, among other things, failing to abide by the Delta Plan's claims processing procedures, and by misrepresenting facts and concealing records from Plaintiff during her administrative appeals.

51.

Defendants also breached their fiduciary duties by failing to adequately select, train, and monitor Delta Plan service providers, including Fidelity, with regard to the automatic spousal designation and requisite need for participants who, like the decedent, do not remarry to change this automatic designation following a divorce.

52.

29 U.S.C. § 1109(a), "Liability for Breach of Fiduciary Duty," provides, in pertinent part, that "any person who is a fiduciary with respect to a Plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such Plan any losses to the Plan resulting from each such breach, and to restore to such Plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

53.

Each defendant also is liable to Plaintiff for the breaches of a co-fiduciary under 29 U.S.C. § 1105.

54.

Plaintiff is entitled to a surcharge for each breach of fiduciary duty under 29 U.S.C. §§ 1132(A)(3).

55.

Plaintiff is entitled to reformation of the Delta Plan to effect her entitlement to Delta Plan benefits as the decedent's sole beneficiary.

56.

Plaintiff is entitled to all further equitable relief as this Court deems just and proper.

57.

Plaintiff is entitled to attorney fees and costs under ERISA § 502(g).

WHEREFORE, the Plaintiff demands judgment against Defendants in accordance with the foregoing.

**Count III – Equitable Relief under 29 U.S.C. §§ 1132(a)(2) and (3)**
**(against Delta and Fidelity)**

58.

Plaintiff incorporates and restates in Count IV her allegations in paragraphs 1 through 36 and 41-42 of her Verified Complaint.

59.

Fidelity, at all relevant times, was a party in interest as defined by 29 U.S.C. § 1002(14) insofar as it provided services to or on behalf of the Plan in exchange for remuneration.

60.

As ERISA fiduciaries, Delta and Fidelity were prohibited from engaging in specific transactions as set forth in 29 U.S.C. § 1106(a)(1)(D), as follows:

> (a)(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—
>
> ***
>
>  (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan[.]

61.

As ERISA fiduciaries, Delta and Fidelity were also prohibited from engaging in specific transactions as set forth in 29 U.S.C. §1106(b), as follows:

> A fiduciary with respect to a plan shall not—
>
> (1)     deal with the assets of the plan in his own interest or for his own account,
>
> (2)     in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or

(3)     receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

62.

Delta engaged in a prohibited transaction under ERISA by compensating Fidelity for improperly disbursing Delta Plan benefits to Mrs. Crowder.

63.

Fidelity engaged in a prohibited transaction under ERISA by improperly receiving compensation for wrongly disbursing Delta Plan benefits to Mrs. Crowder.

64.

The prohibited transactions in which Delta and Fidelity engaged directly and proximately caused the Delta Plan and Plaintiff to suffer significant loss.

65.

Under 29 U.S.C. §1109, any fiduciary that violates 29 U.S.C. § 1106, with respect to an ERISA plan is liable to "make good" for any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate.

66.

Plaintiff, on behalf of the Plan, is entitled to relief under 29 U.S.C. §1132(a)(2) which allows a beneficiary to bring a complaint for any relief under 29 U.S.C. §1109.

67.

Plaintiff also is entitled to relief under 29 U.S.C. §1132(a)(3), which allows a beneficiary to bring a claim to (A) enjoin any practice that violates ERISA or (B) to obtain other equitable relief (i) to redress a violation of ERISA or (ii) to enforce any provision of ERISA. The Plan is entitled to all further equitable relief as this Court deems just and proper.

68.

Plaintiff, both individually and on behalf of the Plan, is entitled to recover her attorney fees and costs under ERISA § 502(g).

69.

Plaintiff also is entitled to all further equitable relief as this Court deems just and proper.

WHEREFORE, the Plaintiff, on behalf of the Plan, demands judgment against Defendants in accordance with the foregoing.

## Count IV – Equitable Relief under 29 U.S.C. § 1132(a)(2), (3)
## (against Mrs. Crowder)

### 70.

Plaintiff incorporates and restates in Count IV her allegations in paragraphs 1 through 36 and 59-64 of her Verified Complaint.

### 71.

Mrs. Crowder, by accepting on behalf of the Estate Fidelity's disbursement of Delta Plan benefits to which neither she nor the Estate was entitled, knowingly participated in the prohibited transactions committed by Delta and Fidelity.

### 72.

A non-fiduciary who knowingly participates in a prohibited transaction is liable for equitable relief under ERISA. *Harris Trust & Savings Bank v. Salomon Smith Barney*, 530 U.S. 238, 120 S. Ct. 2180, 147 L. Ed. 2d 187 (2000).

### 73.

Plaintiff, on behalf of the Plan, is entitled to relief under 29 U.S.C. §§ 1132(a)(2) and (3), as well as all further equitable relief as this Court deems just and proper.

### 74.

Plaintiff, both individually and on behalf of the Plan, also is entitled to recover her attorney fees and costs under ERISA § 502(g).

WHEREFORE, the Plaintiff, on behalf of the Plan, demands judgment against

Mrs. Crowder in accordance with the foregoing.

**Count V – Equitable Relief under 29 U.S.C. § 1132(a)(2), (3)**
**(against Mrs. Crowder)**

75.

Plaintiff incorporates and restates in Count V her allegations in paragraphs 1 through 36 of her Verified Complaint.

76.

Upon information and belief, the funds which belong to the Plan, and which comprise the benefits to which Plaintiff is entitled, is in the possession of Mrs. Crowder in her capacity as Personal Representative of the Estate.

77.

There is a substantial, imminent risk that Mrs. Crowder, on behalf of the Estate, will deplete and/or dispose of the sums to which the Plan and Plaintiff are entitled. If Mrs. Crowder is able to place these monies beyond the reach of Court, then she may deprive the Court of the ability to impose an equitable remedy under ERISA.

78.

Both Plaintiff and the Plan are entitled to have an equitable lien or constructive trust imposed on the funds belonging to the Plan and comprising the benefits belonging to Plaintiff, which are in Mrs. Crowder's possession.

79.

Plaintiff and the Plan are entitled to a temporary restraining order and, upon notice and hearing, a preliminary injunction enjoining Mrs. Crowder, and all those acting in concert or participating with her, from disposing of the Delta Plan benefits, or whatever portion of those benefits have not been dissipated, pending a final determination by this Court.

80.

Plaintiff is entitled to all further equitable relief as this Court deems just and proper.

81.

Plaintiff is entitled to attorney fees and costs under ERISA § 502(g).

WHEREFORE, the Plaintiff demands judgment against Mrs. Crowder in accordance with the foregoing.

**Count VI- Equitable Relief under 29 U.S.C. §§ 1132(a)(2), (3)**
**(Against All Defendants Except Mrs. Crowder)**

82.

Plaintiff incorporates and restates in Count VI her allegations in paragraphs 1 through 36 of her Verified Complaint.

83.

By refusing to cooperate with the Delta Plan to protect its rights and refusing to reimburse the Delta Plan to the extent of benefits paid out of the amount Mrs.

Crowder recovered on behalf of the Estate, Defendants have violated the terms of the Delta Plan.

84.

Because Defendants' wrongful acts and/or practices violate ERISA, this Court should enter an order in restitution enforcing the terms of the Delta Plan by requiring Defendants to turn over all of the benefits that improperly disbursed to the Estate back to the Delta Plan.

85.

Plaintiff also is entitled to all further equitable relief as this Court deems just and proper.

86.

Plaintiff, moreover, is entitled to attorney fees and costs under ERISA § 502(g).

WHEREFORE, the Plaintiff demands judgment against Defendants in accordance with the foregoing.

**Count VII -- Penalties under 29 U.S.C. § 1132(c)**
**(Against Delta and the Committee)**

87.

Plaintiff incorporates and restates in Count VI her allegations in paragraphs 1 through 36 of her Verified Complaint.

88.

Plaintiff seeks penalties under 29 U.S.C. § 1132(c) for wrongful refusal to provide information requested and as required by ERISA and relevant regulations.

89.

Under 29 U.S.C. § 1029, the Secretary of Labor prescribes what documents must be furnished. Under 29 C.F.R. § 2560.503¬1, the participant is entitled to have reasonable access to all information relevant to a claim for benefits.

90.

Defendants had an obligation to comply with requests for information, which it was required by law to be furnished under 29 U.S.C. § 1132(c), within 30 days of Plaintiff's December 16, 2017 written request for same. Such information included "plan documents" as required to be produced by 29 U.S.C. § 1024(b)(4) and as interpreted by the Department of Labor in Advisory Opinion 96-14A (July 31, 1996).

91.

Defendants breached these duties by not providing the requested plan documents timely.

92.

Defendants should pay penalties in an amount of $110.00 per day for each day they failed to produce the requested plan documents.

93.

Plaintiff is entitled to an award of attorney's fees and costs under 29 U.S.C. § 1132(g), and other further relief as may be just and proper under 29 U.S.C. § 1132(c).

WHEREFORE, the Plaintiff demands judgment against Defendants in accordance with the foregoing.

Respectfully submitted, this 28th day of August, 2018.

s/*Paul J. Sharman*
Paul J. Sharman
Georgia Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022
(678) 242-5297
(678) 802-2129
paul@sharman-law.com

Attorney for Plaintiff